**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

| | | |
|---|---|---|
| **CHRIS OLSON,** | ) | |
| **on behalf of himself and all others** | ) | |
| **similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | NO. 4:20-CV-165-BSM |
| **vs.** | ) | |
| | ) | |
| **DESERT LAKE GROUP, LLC, d/b/a** | ) | |
| **FIRST CLASS HERB TINCTURE, d/b/a** | ) | **JURY DEMAND** |
| **FIRST CLASS HERBALIST CBD, d/b/a** | ) | |
| **HERBALIST OILS, d/b/a** | ) | **CLASS ACTION** |
| **HERBALIST SILVER, d/b/a** | ) | |
| **HERBALIST SLEEP;** | ) | |
| **SOCIALLITY LLC, d/b/a** | ) | |
| **SOCIALLITY ACCESSNOW COMMUNITY,** | ) | |
| **d/b/a SOCIALITY GROUP;** | ) | |
| **OZN WEB, LLC; DARIN TOONE;** | ) | |
| **PETER GALLIC; CHRIS ARMSTRONG,** | ) | |
| **and JOHN DOES 1-10.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ANSWER**

COME Now Separate Defendants Desert Lake Group, LLC, d/b/a First Class Herb

Tincture, d/b/a First Class Herbalist CBD, d/b/a Herbalist Oils, d/b/a Herbalist Silver, d/b/a

Herbalist Sleep; OZN Web, LLC; Darin Toone, and Chris Armstrong ("Separate Defendants")

and, for their Answer to the Plaintiffs' Class Action Complaint For Damages and Injunctive

Relief Under The Telephone Consumer Protection Act, 47 U.S.C. 227, And the Arkansas Civil

Action by Crime Victims Act, Ark Code Ann 16-118-107 ("Complaint"), state:

**PRELIMINARY STATEMENT**

Separate Defendants deny all allegations in the Complaint, including the statements in the

opening unnumbered paragraph, unless they have expressly admitted those allegations below.

Where an allegation in the Complaint is directed at another Defendant or a party that is not affiliated with Separate Defendants, except as otherwise expressly stated, Separate Defendants deny the allegations set forth in the Complaint on the basis that it denies knowledge or information sufficient to form a belief concerning the truth of such allegations.  Further, unless otherwise expressly admitted, Separate Defendants deny any allegations in the headings, footnotes, or in other places in the Complaint, to the extent any such allegations require a response.  Any headings, subheadings or similar text in this Answer are for the convenience of the Court and the parties, and are not intended to be nor shall they be construed as an admission of any fact by Separate Defendants.

1.	The Telephone Consumer Protection Act ("TCPA") is a statute passed by Congress.  The text of that statute speaks for itself.  Separate Defendants deny the characterization of the TCPA and conclusions drawn by Plaintiff in Paragraph 1 of the Complaint.  To the extent that the allegations in Paragraph 1 relate to other Defendants and/or third parties, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.  Separate Defendants deny any remaining allegations in Paragraph 1 of the Complaint.

2.	Arkansas Code Annotated 16-118-107 is a statute passed by the Arkansas General Assembly.  The text of that statute speaks for itself.  Separate Defendants deny the characterization of that statute and conclusions drawn by Plaintiff in Paragraph 2 of the Complaint.  To the extent that the allegations in Paragraph 2 relate to other Defendants and/or third parties, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.  Separate Defendants deny any remaining allegations in Paragraph 2 of the Complaint.

2

3.      To the extent that the allegations in Paragraph 3 relate to other Defendants and/or third parties, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.  Separate Defendants deny any remaining allegations in Paragraph 3 of the Complaint.

4.      To the extent that the allegations in Paragraph 4 relate to other Defendants and/or third parties, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.  Separate Defendants deny any remaining allegations in Paragraph 4 of the Complaint.

5.      Separate Defendants acknowledge Plaintiff's request for injunctive relief and monetary relief in Paragraph 5.  Separate Defendants specifically deny that Plaintiff is entitled to either.  Separate Defendants deny any remaining allegations in Paragraph 5 of the Complaint.

## PARTIES, JURISDICTION AND VENUE

6.      Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, therefore, deny the allegations.

7.      Separate Defendants admit that Desert Lake Group, LLC, d/b/a First Class Herb Tincture, d/b/a First Class Herbalist CBD, d/b/a Herbalist Oils, d/b/a Herbalist Silver, d/b/a Herbalist Sleep ("Desert Lake") was organized as a for-profit limited liability company under the laws of Utah, not a corporation.  Separate Defendants admit the remaining allegations in Paragraph 7 of the Complaint.  Separate Defendants further state that none of the members of Desert Lake are residents of Arkansas.

8.      As to Paragraph 8 of the Complaint, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

3

865677.2

9.      Separate Defendants admit that OZN Web, LLC was organized as a for-profit limited liability company under the laws of Arizona, not a corporation.  Separate Defendants admit the remaining allegations in Paragraph 9 of the Complaint.  Separate Defendants further state that none of the members of OZN Web, LLC are residents of Arkansas.

10.     Separate Defendants admit the allegations in Paragraph 10 of the Complaint.

11.     As to Paragraph 11 of the Complaint, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

12.     Separate Defendants admit the allegations in Paragraph 12 of the Complaint, except they deny Chris Armstrong's address is 1704 Burning Oak Drive, Draper, Utah 84020.

13.     As to Paragraph 13 of the Complaint, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

14.     As to Paragraph 14 of the Complaint, Separate Defendants acknowledge Plaintiff has purported to bring claims under the TCPA and Ark. Code Ann 16-118-107.  Separate Defendants specifically deny that Plaintiff is entitled to relief under either.  Separate Defendants deny any remaining allegations in Paragraph 14 of the Complaint.

15.     Separate Defendants deny the allegations in Paragraph 15 of the Complaint, specifically as to Toone and Armstrong, because they have no contact with Pope County, Arkansas

16.     Separate Defendants deny the allegations Paragraph 16 of the Complaint, specifically as to Toone and Armstrong, because they have no contact with Pope County, Arkansas.

865677.2

## NATURE OF THE ACTION

17.     Separate Defendants acknowledge that Congress passed the TCPA in 1991 and deny the remaining allegations Paragraph 17 of the Complaint.

18.     As to Paragraph 18 of the Complaint, the text of the TCPA speaks for itself. Separate Defendants deny Plaintiff's characterization of the same and any remaining allegations in Paragraph 18 of the Complaint.

19.     As to Paragraph 19 of the Complaint, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

20.     As to Paragraph 20 of the Complaint, the text of the TCPA speaks for itself. Separate Defendants deny Plaintiff's characterization of the same and any remaining allegations in Paragraph 20 of the Complaint.

21.     As to Paragraph 21 of the Complaint, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

22.     Separate Defendants admit the allegations in Paragraph 22 of the Complaint, except that they deny the last sentence of the same.

23.     As to Paragraph 23 of the Complaint, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

24.     As to Paragraph 24 of the Complaint, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

865677.2

25.     As to Paragraph 25 of the Complaint, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

26.     As to Paragraph 26 of the Complaint, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

27.     Paragraph 27 of the Complaint refers to FCC rulings and case law.  No response is required, but Separate Defendants deny Plaintiff's characterization of the same and any remaining allegations in Paragraph 27 of the Complaint.

28.     Paragraph 28 of the Complaint refers to the TCPA and Arkansas statues.  No response is required, but Separate Defendants deny Plaintiff's characterization of the same and any remaining allegations in Paragraph 28 of the Complaint.

## FACTUAL ALLEGATIONS

29.     As to Paragraph 29 of the Complaint, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

30.     As to Paragraph 30 of the Complaint, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

31.     As to Paragraph 31 of the Complaint, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

865677.2

32.     As to Paragraph 32 of the Complaint, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

33.     Separate Defendants deny the allegations in Paragraph 33 of the Complaint.

34.     Separate Defendants deny the allegations in Paragraph 34 of the Complaint

35.     Separate Defendants deny the allegations in Paragraph 35 of the Complaint, as such allegations relate to them.  To the extent the allegations in Paragraph 35 of the Complaint relate to other Defendants and/or third parties, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

36.     Separate Defendants deny the allegations in Paragraph 36 of the Complaint.

37.     Separate Defendants deny the allegations in Paragraph 37 of the Complaint.

38.     Separate Defendants deny Plaintiff's characterization of his claims and/or legal argument and conclusions, to which no response is required.  To the extent a response is required, Separate Defendants deny the allegations in Paragraph 38 of the Complaint, as such allegations relate to them.

39.     Separate Defendants deny Plaintiff's characterization of his claims and/or legal argument and conclusions, to which no response is required.  To the extent a response is required, Separate Defendants deny the allegations in Paragraph 39 of the Complaint.

40.     Separate Defendants deny the allegations in Paragraph 40 of the Complaint, as such allegations relate to them.  To the extent the allegations in Paragraph 40 of the Complaint relate to other Defendants and/or third parties, Separate Defendants deny knowledge or

865677.2

information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

41.    Separate Defendants deny the allegations in Paragraph 41 of the Complaint, as such allegations relate to them.  To the extent the allegations in Paragraph 41 of the Complaint relate to other Defendants and/or third parties, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

42.    Separate Defendants deny Plaintiff's characterization of his claims and/or legal argument and conclusions, to which no response is required.  To the extent a response is required, Separate Defendants deny the allegations in Paragraph 42 of the Complaint, as such allegations relate to them.  To the extent the allegations in Paragraph 42 of the Complaint relate to other Defendants and/or third parties, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

43.    Separate Defendants deny Plaintiff's characterization of his claims and/or legal argument and conclusions, to which no response is required.  Separate Defendants deny the allegations in Paragraph 43 of the Complaint, as such allegations relate to them.  To the extent the allegations in Paragraph 43 of the Complaint relate to other Defendants and/or third parties, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

44.    Separate Defendants deny Plaintiff's characterization of his claims and/or legal argument and conclusions, to which no response is required.  To the extent a response is required, Separate Defendants deny the allegations in Paragraph 44 of the Complaint, as such allegations relate to them.  To the extent the allegations in Paragraph 44 of the Complaint relate

8

to other Defendants and/or third parties, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

45.     Separate Defendants deny the allegations in Paragraph 45 of the Complaint.

46.     Separate Defendants deny Plaintiff's characterization of his claims and/or legal argument and conclusions, to which no response is required.   To the extent a response is required, Separate Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     Separate Defendants deny Plaintiff's characterization of his claims and/or legal argument and conclusions, to which no response is required.   To the extent a response is required, Separate Defendants deny the allegations in Paragraph 47 of the Complaint.

## CLASS ACTION ALLEGATIONS

48.     Separate Defendants acknowledge that Plaintiff purportedly seeks class certification.   Arkansas Rule of Civil Procedure 23 speaks for itself.   Separate Defendants specifically deny that class certification is appropriate in this case.   Separate Defendants further deny any other allegations in Paragraph 48 of the Complaint.

49.     Separate Defendants acknowledge that Plaintiff purportedly seeks class certification.   Arkansas Rule of Civil Procedure 23 speaks for itself.   Separate Defendant specifically deny that class certification is appropriate in this case.   Separate Defendants further deny any other allegations in Paragraph 49 of the Complaint.

50.     Separate Defendants acknowledge that Plaintiff seeks to exclude certain individuals from his requested class.   Separate Defendants specifically deny that class certification is appropriate in this case.   Separate Defendants further deny any other allegations in Paragraph 50 of the Complaint.

9

865677.2

51.     Separate Defendants deny Plaintiff's characterization of his claims and/or legal argument and conclusions, to which no response is required.   To the extent a response is required, Separate Defendants deny the allegations in Paragraph 51 of the Complaint and specifically deny that a class is appropriate in this case.

52.     Separate Defendants deny Plaintiff's characterization of his claims and/or legal argument and conclusions, to which no response is required.   To the extent a response is required, Separate Defendants deny the allegations in Paragraph 52 of the Complaint and specifically deny that a class is appropriate in this case.

53.     Separate Defendants deny Plaintiff's characterization of his claims and/or legal argument and conclusions, to which no response is required.   To the extent a response is required, Separate Defendants deny the allegations in Paragraph 53 of the Complaint and specifically deny that a class is appropriate in this case.

54.     Separate Defendants deny Plaintiff's characterization of his claims and/or legal argument and conclusions, to which no response is required.   To the extent a response is required, Separate Defendants deny the allegations in Paragraph 54 of the Complaint and specifically deny that a class is appropriate in this case.

55.     Separate Defendants deny Plaintiff's characterization of his claims and/or legal argument and conclusions, to which no response is required.   To the extent a response is required, Separate Defendants deny the allegations in Paragraph 55 of the Complaint and specifically deny that a class is appropriate in this case.

56.     Separate Defendants deny Plaintiff's characterization of his claims and/or legal argument and conclusions, to which no response is required.   To the extent a response is

865677.2

required, Separate Defendants deny the allegations in Paragraph 56 of the Complaint and specifically deny that a class is appropriate in this case.

57.     Separate Defendants deny Plaintiff's characterization of his claims and/or legal argument and conclusions, to which no response is required.   To the extent a response is required, Separate Defendants deny that a class is appropriate in this case.  For any remaining allegations in Paragraph 57 of the Complaint, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

## COUNT 1

58.     Separate Defendants incorporate by reference their responses to Paragraphs 1 – 57 of the Complaint.

59.     Separate Defendants deny the allegations in Paragraph 59 of the Complaint, as such allegations relate to them.  To the extent the allegations in Paragraph 59 of the Complaint relate to other Defendants and/or third parties, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

60.     Separate Defendants deny the allegations in Paragraph 60 of the Complaint, as such allegations relate to them.  To the extent the allegations in Paragraph 60 of the Complaint relate to other Defendants and/or third parties, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

61.     Separate Defendants deny Plaintiff's characterization of his claims and/or legal argument and conclusions, to which no response is required.   To the extent a response is

865677.2

required, Separate Defendants deny the allegations in Paragraph 61 of the Complaint, as such allegations relate to them.  To the extent the allegations in Paragraph 61 of the Complaint relate to other Defendants and/or third parties, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

62.     Separate Defendants deny Plaintiff's characterization of his claims and/or legal argument and conclusions, to which no response is required.  To the extent a response is required, Separate Defendants deny the allegations in Paragraph 62 of the Complaint.

63.     Separate Defendants deny Plaintiff's characterization of his claims and/or legal argument and conclusions, to which no response is required.  To the extent a response is required, Separate Defendants deny the allegations in Paragraph 63 of the Complaint.

## COUNT 2

64.     Separate Defendants incorporate by reference their responses to Paragraphs 1 – 63 of the Complaint.

65.     Separate Defendants deny the allegations in Paragraph 65 of the Complaint, as such allegations relate to them.  To the extent the allegations in Paragraph 65 of the Complaint relate to other Defendants and/or third parties, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

66.     Separate Defendants deny Plaintiff's characterization of his claims and/or legal argument and conclusions, to which no response is required.  To the extent a response is required, Separate Defendants deny the allegations in Paragraph 66 of the Complaint, as such allegations relate to them.  To the extent the allegations in Paragraph 66 of the Complaint relate

865677.2

to other Defendants and/or third parties, Separate Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations and, therefore, deny the allegations.

67.     Separate Defendants deny Plaintiff's characterization of his claims and/or legal argument and conclusions, to which no response is required.   To the extent a response is required, Separate Defendants deny the allegations in Paragraph 67 of the Complaint.

68.     Separate Defendants deny Plaintiff's characterization of his claims and/or legal argument and conclusions, to which no response is required.   To the extent a response is required, Separate Defendants deny the allegations in Paragraph 68 of the Complaint.

69.     Separate Defendants deny Plaintiff's characterization of his claims and/or legal argument and conclusions, to which no response is required.   To the extent a response is required, Separate Defendants deny the allegations in Paragraph 69 of the Complaint.

## COUNT 3

70.     Separate Defendants incorporate by reference their responses to Paragraphs 1 – 69 of the Complaint.

71.     Arkansas Code Annotated 16-118-107 speaks for itself.   Separate Defendants deny Plaintiff's characterization of his claims and/or legal argument and conclusions related to the same.   To the extent a further response is required, Separate Defendants deny the allegations in Paragraph 71 of the Complaint.

72.     Separate Defendants deny Plaintiff's characterization of his claims and/or legal argument and conclusions, to which no response is required.   To the extent a response is required, Separate Defendants deny the allegations in Paragraph 72 of the Complaint.

865677.2

73.     Separate Defendants deny Plaintiff's characterization of his claims and/or legal argument and conclusions, to which no response is required.  To the extent a response is required, Separate Defendants deny the allegations in Paragraph 73 of the Complaint.

## PRAYER FOR RELIEF

74.     The WHEREFORE Clause of the Complaint contains no factual allegations to which a response is required.  To the extent a response is required, Separate Defendants deny all such allegations in the WHEREFORE Clause of the Complaint.  Separate Defendants also deny that Plaintiff is entitled to any of the relief prayed for in the WHEREFORE Clause of the Complaint.

75.     Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a trial by jury on all issues so triable.

76.     Separate Defendants deny any allegation in the Complaint that they did not specifically admit in this Answer.

77.     Separate Defendants reserve the right to amend this Answer.

## AFFIRMATIVE DEFENSES

Without assuming any burden that it otherwise would not bear, and reserving the right to assert additional defenses as those defenses become known during discovery, Separate Defendants assert the following separate and distinct affirmative defenses:

1.     Plaintiff's claims are barred because he failed to state facts upon which relief can be granted.

2.     Plaintiff's claims are barred as to Darin Toone and Christopher Armstrong because the Court lacks personal matter jurisdiction over them.

865677.2

3.      Plaintiff is estopped from claiming any injury, loss or damages because Plaintiff failed to make reasonable efforts to prevent or mitigate such injury, loss or damages.

4.      Plaintiff's claims are barred under such equitable defenses as the evidence demonstrates, including but not limited to the doctrines of estoppel, unclean hands and laches.

5.      The injury or damage suffered by Plaintiff, if any there be, would be adequately compensated in an action at law for damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to injunctive or equitable relief.

6.      Plaintiff's claims are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of Separate Defendants and/or were caused, if at all, solely and proximately by the conduct of the Plaintiff or third parties including, without limitations, the prior, intervening or superseding conduct of such Plaintiff or third parties.

7.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

8.      Plaintiff's claims are barred, in whole or in part, due to the ratification of, and consent to, the conduct of Separate Defendants.

9.      Plaintiff's claims are barred, in whole or in part, because the Plaintiff failed to exercise reasonable care to mitigate any damages he may have suffered.

10.     Plaintiff has not suffered any damages or harm by reason of the conduct alleged, and, by reason of the foregoing, Plaintiff lacks standing and is otherwise barred from any recovery against Separate Defendants.

865677.2

16

11.     The purported class cannot be certified under Federal Rule of Civil Procedure 23 because, *inter alia*, the purported class, class representatives and/or class counsel fail to meet the typicality, commonality, adequacy, superiority, and predominance requirements for class actions.

12.     The purported claims made by Plaintiff and members of the purported class on whose behalf he purports to sue are precluded or limited because Plaintiff and members of the purported class on whose behalf he purports to sue failed to exhaust other available remedies.

13.     Plaintiff's claims are barred or limited to the extent that the claims asserted require the improper extraterritorial application of state laws.

14.     Plaintiff's state law claims are preempted by federal law.

WHEREFORE, Separate Defendants request that Plaintiff's Complaint be dismissed with prejudice, that the Court find that Plaintiff is not entitled to any judgment or relief, that the Court enter judgment in favor of Separate Defendants, and that the Court award Separate Defendants their attorneys' fees, costs, expenses, pre-judgment interest, and such other and further relief as the Court deems just and proper.

865677.2

Respectfully submitted,

**ROSE LAW FIRM,**
a Professional Association
120 E. 4th Street
Little Rock, AR 72201
Tel:    (501) 375-9131
Fax:    (501) 375-1309

By:    /s/ B. J. Walker
       Byron J. Walker, Ark. Bar No. 2002114
       bwalker@roselawfirm.com
       Joseph Hall, Ark. Bar No. 2012191
       jhall@roselawfirm.com

**ATTORNEYS  FOR SEPARATE
DEFENDANTS DESERT LAKE GROUP,
LLC; OZN WEB, LLC; DARIN TOONE, and
CHRIS ARMSTRONG**

## CERTIFICATE OF SERVICE

I, B. J. Walker, certify that a true and correct copy of the foregoing has been served upon all counsel of record via electronic mail on this 26th day of February, 2020.

James A. Streett
STREETT LAW FIRM, P.A.
107 West Main Street
Russellville, AR  72801
Tele:   (479) 968-2030
Fax:    (479) 968-6253
Email: james@streettlaw.com

                       /s/ B. J. Walker
                       Byron J. Walker

17

865677.2