```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF ARKANSAS
                         CENTRAL DIVISION
```

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 16 2020

JAMES W. McCORMACK, CLERK
By:  DEP CLERK

| | |
|---|---|
| CHRIS OLSEN,<br>on behalf of himself and all others<br>similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>DESERT LAKE GROUP, LLC, d/b/a FIRST<br>CLASS HERB TINCTURE, d/b/a FIRST<br>CLASS HERBALIST CBD, d/b/a HERBALIST<br>OILS, d/b/a HERBALIST SILVER, d/b/a<br>HERBALIST SLEEP; SOCIALLITY LLC,<br>d/b/a SOCIALLITY ACCESSNOW HEALTH<br>COMMUNITY, d/b/a SOCIALITY GROUP;<br>PETER GALLIC; EXPRESS REVENUE, INC;<br>OFFER SPACE, LLC, d/b/a DIAL RESPONSE,<br>d/b/a FULFILL PATH; TRAFFIC SPACE,<br>LLC; and JOHN DOES 1-10,<br><br>    Defendants. | CASE NO. 4:20-cv-00165-BSM<br>JUDGE BRIAN S. MILLER<br>Magistrate Judge Kierney<br><br>JURY DEMAND<br><br>CLASS ACTION |

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF UNDER
THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227,
AND THE ARKANSAS CIVIL ACTION BY
<u>CRIME VICTIMS ACT, ARK CODE ANN. § 16-118-107.</u>**

COMES now Chris Olsen, on behalf of himself and all other persons or entities similarly situated, as Representative Plaintiff, and files this Class Action Complaint against the Defendants Desert Lake Group, LLC, d/b/a First Class Herb Tincture, d/b/a First Class Herbalist CBD, d/b/a Herbalist Oils, d/b/a Herbalist Silver, d/b/a Herbalist Sleep, Sociallilty LLC, d/b/a Sociallity AccessNow Health Community, d/b/a Sociallity Group, Peter Gallic, Express Revenue, Inc., Offer Space LLC, d/b/a Dial Response, d/b/a Fulfill Path, Traffic Space, LLC, and John Does 1-10

1

("Defendants").[1] Representative Plaintiff brings this Class Action Complaint resulting from the illegal actions of Defendants in negligently, and/or willfully, sending unsolicited, autodialed text messages to the cellular telephones of Representative Plaintiff and others in the Class without their prior express consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq., ("TCPA"), as well as illegally attempting to disguise the origin of Defendants' illegal calls through the criminal act of "spoofing" which is a felony in the State of Arkansas and which therefore renders Defendants further liable to the Class pursuant to Ark. Code Ann. § 16-118-107. Representative Plaintiff, for his Class Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys and would respectfully show the following:

1. The TCPA strictly forbids unsolicited text messages exactly like those alleged in this Complaint – intrusive text messages to private cellular phones, placed via autodialer technology to numbers obtained without the prior express consent of the recipients.

2. Further, Ark. Code Ann. § 16-118-107 provides Arkansans with an additional civil cause of action when the conduct employed against them by a Defendant constitutes a felony. The State of Arkansas has made abundantly clear that "spoofing" such as that employed by the Defendants in the case at bar, i.e. the illegal act of disguising the number from which a call to a cellular phone originates, is a felony in the State of Arkansas and will not be tolerated when employed here.

---

[1] As of the filing of this First Amended Class Action Complaint, the case is stayed against bankrupting defendant Desert Lake Group, LLC, d/b/a First Class Herb Tincture, d/b/a First Class Herbalist CBD, d/b/a Herbalist Oils, d/b/a Herbalist Silver, d/b/a Herbalist Sleep. *See* Dkt. 15. The Court lifted the stay as to non-bankrupting defendants. *See* Dkt. 18.

3. Defendants' violations caused Representative Plaintiff and the members of the Class as defined herein to experience both actual and statutorily recognized harm, including aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing text message calls, necessarily attaches to the deceptive and illegal act of spoofing, and is an unambiguous violation of their statutory rights.

4. Representative Plaintiff and members of the Class suffered a concrete injury in fact, whether tangible or intangible, that is directly traceable to Defendants' conduct, and is likely to be redressed by a favorable decision in this action.

5. Representative Plaintiff seeks an injunction stopping Defendants from sending unsolicited text messages in violation of the TCPA and prohibiting further illegal "spoofing" as defined by Arkansas law, as well as an award of statutory damages under the TCPA, together with an award of costs and reasonable attorneys' fees associated with the necessity of prosecuting this action against Defendants.

**PARTIES, JURISDICTION AND VENUE**

6. Representative Plaintiff Chris Olsen is an Arkansas citizen and resident of Russellville, Pope County, Arkansas. Hereinafter, Chris Olson will be referred to in his individual capacity as "Representative Plaintiff."

7. Defendant Desert Lake Group, LLC, d/b/a First Class Herb Tincture, d/b/a First Class Herbalist CBD, d/b/a Herbalist Oils, d/b/a Herbalist Silver, d/b/a Herbalist Sleep ("Desert Lake Group") is a for-profit corporation in Utah, having an address of 6975 Union Park Avenue, Suite 600, Cottonwood Heights, UT 84047, and may be served through its registered agent, Darin Toone, at 6975 Union Park Avenue, Suite 600, Cottonwood Heights, UT 84047.

8. Defendant Sociallilty LLC, d/b/a Sociallity AccessNow Health Community, d/b/a Sociallity Group ("Sociallity") is a for-profit company incorporated in Delaware, and may be

served through its registered agent at Harvard Business Services, Inc., 16192 Coastal Highway, Lewes, DE 19958.

9. Defendant Peter Gallic is a citizen and resident of New Jersey, who may be served at 44 Hillcrest Road, Warren, New Jersey 07059. Mr. Gallic is an officer of Sociallity.

10. Defendant Express Revenue, Inc. ("Express") is a for-profit company incorporated in Florida, and may be served through its registered agent, Kofsky Weinger PA, at 4010 Sheridan St, Hollywood, FL 33021. Express is a company engaged in the business of affiliate internet marketing, which is a service whereby one website or internet advertisement is used to drive internet traffic and customers to another website which is selling a product or service.

11. Defendant Offer Space LLC, d/b/a Dial Response, d/b/a Fulfill Path ("Offer Space") is a for-profit company incorporated in Utah, and may be served through its registered agent, Christopher Armstrong, at 1261 South 820 East, Suite 210, American Fork, UT 84003. Offer Space provides direct response marketing services, customer service and risk mitigation technology services.

12. Traffic Space, LLC ("Traffic Space") is a for-profit company incorporated in Utah and may be served through its registered agent, Anderson & Karrenberg, P.C., 50 W. Broadway, Suite 700, Salt Lake City, UT 84101. Traffic Space provides marketing and customer acquisition services.

13. Defendants John Does 1-10 represent those persons, corporations, or other legal entities that acted as agents, consultants, independent contractors or representatives of the persons or corporations, that were responsible for creating and causing to be sent the text messages received by Representative Plaintiff and the Class defined herein and whose identities at this time are unknown but will be substituted by amendment when ascertained.

14.     The claims of the classes of persons represented by the Representative Plaintiff arise pursuant to the provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter, "TCPA") and the Arkansas Civil Action by Crime Victims Act, Ark. Code Ann. § 16-118-107, respectively.

15.     This Court has jurisdiction over this action pursuant to Ark. Code Ann. §16-4-101 *et seq*. This Court has jurisdiction over the Defendants because at all relevant times they conducted business in Arkansas and the claims advanced by the Representative Plaintiff in this action arise directly and specifically from Defendants' illegal contacts with and into the State of Arkansas.

16.     Venue is proper in Pope County both in that the Representative Plaintiff is a resident of this County and in that the conduct which forms the basis of this action was specifically directed by Defendants into and towards Pope County.

## NATURE OF THE ACTION

17.     In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

18.     The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party. As recognized by the Federal Communications Commission ("FCC") and the Courts, a text message is a call under the TCPA. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009).

19.     According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found,

automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

20. The term "call" under the TCPA and its promulgating regulations includes text messages. *See* Rules and Regulation Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14115, para. 165 (2003) (2003 TCPA Order).

21. One of the most bulk advertising methods employed by companies today involves the use of "Short Message Services" (or "SMS"), which is a system that allows for transmission and receipt of short text messages to and from wireless telephones.

22. SMS text messages are directed to a wireless device through a telephone number assigned to the device. When an SMS text message is successfully transmitted, the recipient's wireless phone alerts the recipient that a message has been received. Because wireless telephones are carried on their owner's person, SMS text message are received virtually anywhere in the world.

23. Unlike more conventional advertisements, SMS message advertisements can actually cost their recipients money because wireless phone users must pay their wireless service providers either for each text message they receive or incur a usage allocation deduction to their text messaging or data plan, regardless of whether the message is authorized.

24. Moreover, the transmission of an unsolicited SMS text message to a cellular device is distracting and aggravating to the recipient; intrudes upon the recipient's seclusion; wastes a quantifiable amount of available data on the recipient's cellular device, thereby reducing its data

6

storage capacity; temporarily reduces the available computing power and application processing speed on the recipient's device; diminishes the available battery power which shortens the battery life; and requires expending a quantifiable amount of energy (electricity) to recoup the battery power lost as a result of receiving such a message.

25. As of October 16, 2013, express written consent is required to make any such telemarketing calls of text messages to the telephones of consumer. The express written consent must be signed and be sufficient to show the consumer received clear and conspicuous disclosure of the significance of providing consent and must further unambiguously agree to receive future phone calls.

26. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Representative Plaintiff provided express consent within the meaning of the statute.

27. On July 10, 2015, the FCC released a Declaratory Ruling which clarified that a consumer who had previously provided "express consent" to receive automated calls or text messages has a right to revoke such consent. Under the Declaratory Ruling, consumers can revoke consent using any reasonable method, including orally or in writing, that clearly expresses his or her desire not to receive further calls. However, even before the release of the FCC Order finding that consent to receive a text message could be revoked, the Mobile Marketing Association declared in October 2012 in its U.S. Consumer Best Practices for Messaging that "[a] subscriber must be able to stop participating and receiving messages from any program by sending STOP to the short code used for that program . . ." and ". . . if the subscriber sent STOP or STOP ALL to the short code, they are opted out of all programs they were enrolled in on that short code. Moreover, the 2015 FCC Order regarding revocation of consent was upheld by the D.C. Circuit.

*See ACA Int'l v. Fed. Commc'ns Comm'n*, No. 15-1211, 2018 WL 1352922, at *1 (D.C. Cir. Mar. 16, 2018) ("We uphold the Commission's approach to revocation of consent, under which a party may revoke her consent through any reasonable means clearly expressing a desire to receive no further messages from the caller.")

28.   Finally, TCPA auto-dialer violations such as the those at issue are, in their most duplicitous form, almost always transmitted through the use of "spoofing" technology designed to hide the true identity of the senders responsible for these illegal transmissions. To address this inherently deceptive form of illegal marketing which has reached virtually epidemic levels in this State and beyond, the Arkansas Legislature made abundantly clear that it will be treated with zero tolerance in the State of Arkansas and, effective April 16, 2019, elevated each such "spoofed" transmission to the level of a Class D Felony. Ark. Code Ann. § 5-63-205.

## FACTUAL ALLEGATIONS

29.   Representative Plaintiff, a resident of Russellville, Pope County, Arkansas, has, and at all relevant times had, a cellular telephone with text messaging capabilities. Representative Plaintiff receives text messages ("texts") at the cell numbers associated with that cellular telephone.

30.   On October 26, 2019, Representative Plaintiff received on his cellular telephone the following text from telephone number +1 (657) 325-3495:

> "CHRIS, try these CBD Gummies!  CBD has been medically proven to help support stress, anxiety and pain?
> cbd123.xyz/XHg3rfSrn
>
> Reply STOP to opt out."

31. The link in the text message directs the recipient to a website called firstclassherbtincture.com, which sells and promotes products and services offered by the Defendants, including the CBD Gummies described in the body of the text message, membership in the Online Fitness Pro Trainer Online Bootcamp and Weight Loss System sponsored by O-Zone, and enrollment in the Sociallity AccessNow health community program.

32. The telephone number from which the text message to Representative Plaintiff originated, +1 (657) 325-3495, is a non-functioning telephone number.

33. The October 26, 2019 text is one of several texts received by the Representative Plaintiff during the class period from Defendants of identical and/or substantially similar character to that reproduced above and purporting to originate from the telephone number +1 (657) 325-3495. It is expected that the list of illegal anonymous cell phone transmissions to the Representative Plaintiff and Class members may likely be supplemented as discovery progresses.

34. As described above, Defendants engaged in an illegal anonymous auto-dialer texting scheme designed to promote their commercially-available products and services. Specifically, upon information and belief, Defendants caused the sending of text messages to Representative Plaintiff and other individuals for the purpose of driving traffic to an online advertising network.

35. To this end, upon information and belief, Defendants repeatedly used auto dialers to place text message calls to hundreds if not thousands of individuals in Arkansas and beyond. Specifically, Defendants amassed the names and phone numbers of the Class Members from unknown sources, and then placed unsolicited text messages in furtherance of their respective for-profit and commercial interests.

36. In direct violation of Arkansas civil and criminal law, the anonymous texts falsely purported to originate from the "spoofed" number +1 (657) 325-3495 in an attempt to conceal the true identity of the Defendants. The forgoing is a currently nonfunctional number of which the Representative Plaintiff is currently aware, though it is expected that the list of illegal spoofed numbers utilized by Defendants against the members of the Class may likely be supplemented as discovery progresses.

37. Defendants did not obtain any prior express consent, in writing or otherwise, from Representative Plaintiff or any of the Class Members before bombarding their cellular telephones with autodialed telemarketing texts.

38. These unsolicited text message calls placed to Representative Plaintiff and the Class Members wireless telephone were placed, upon information and belief, via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and by using "an artificial or prerecorded voice" system as prohibited by 47 U.S.C. § 227 (b)(1)(A), which had the capacity to produce or store numbers randomly or sequentially, to dial numbers, and to place text message calls to Representative Plaintiff and the Class Members' cellular telephones.

39. The telephone number that Defendants called was assigned to Representative Plaintiff's cellular telephone pursuant to 47 U.S.C. § 227 (b)(1).

40. Defendants, and/or their employees and/or its agents, created the offending texts, including the substance of the texts and had the capability to control the contents thereof.

41. Defendants, and/or their employees and/or its agents, determined the telephone numbers to which the offending texts were sent to the Representative Plaintiff and the Class.

42. These text message calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

43. Neither Representative Plaintiff nor the Class provided Defendants prior express consent to receive unsolicited text message calls pursuant to 47 U.S.C. § 227 (b)(1)(A).

44. Representative Plaintiff further alleges that in each instance that a text messages was sent, Defendants did so willfully or knowingly.

45. Representative Plaintiff further alleges on information and belief that in each instance Defendants had actual notice of participation, or a high degree of involvement, in a plan to transmit these unsolicited texts to cell phones by, for example, participating in preparing their content, providing or obtaining the cell phone numbers of Representative Plaintiff or other Class recipients, and knowing that Representative Plaintiff and other Class recipients had not authorized the texts to be sent by prior express invitation or permission.

46. These text message calls by Defendants are in direct violation of 47 U.S.C. § 227(b)(1).

47. By illegally contacting Representative Plaintiff and the other Class Members via their cellular telephone with the text messages at issue without their prior express consent, Defendants caused both actual and statutorily recognized harm. With regard to the Representative Plaintiff, this included invasion of privacy, causing him to incur reduced telephone time and capacity for which he had previously paid by having to retrieve or administer the Defendants' illegal text messages, as well as the aggravation, nuisance, worry, and harassment that necessarily accompanied his receipt of unsolicited serial text messages and the time involved in attempting to ascertain both the origin of the number from which he came to realize it had been criminally "spoofed" and how these unknown Defendants obtained his cell phone number.

## CLASS ACTION ALLEGATIONS

48. Representative Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and the following nationwide class (the "Spam Text Class") defined as follows:

> All individuals or entities in the United States who, from four years prior to the filing date of this Complaint through the filing date thereof, received one or more text messages that (1) purported to originate from the telephone number +1 (657) 325-3495, and (2) contains a link to firstclassherbtincture.com.

49. Representative Plaintiff also brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and the following subclass of Arkansans (the "Spoofed Number Sub-Class") defined as follows:

50. All individuals or entities in the State of Arkansas who, from four years prior to the filing date of this Complaint through the filing date thereof, received one or more text messages that (1) purported to originate from the telephone number +1 (657) 325-3495, and (2) contains a link to firstclassherbtincture.com.

Collectively, the Spam Text Class and the Spoofed Number Sub-Class are referred to herein as "the Class."

51. Excluded from the Class are: (1) Defendants and any entity in which Defendants have a controlling interest, and their legal representatives, officers, directors, assignees, and successors, and any co-conspirators; and (2) any judge or justice to whom this action is assigned, together with any relative of such judge or justice within the third degree of relationship, and the spouse of any such person.

52. Upon information and belief, Representative Plaintiff alleges that these unsolicited texts sent by and/or on behalf of the Defendants have been transmitted to the cellular telephones of hundreds and potentially thousands of Class Members without their prior express consent

through an intentional and persistent course of knowingly illegal and deceptive conduct. Each such transmission constitutes both a separate violation of the TCPA and a separate felony under Arkansas law. Because the Class members are believed to number in the hundreds if not thousands, individual joinder is impractical in satisfaction of Ark. R. Civ. P. 23(a)(1) as a matter of both fact and common sense. The disposition of the claims of the Class members in a single action clearly provide substantial benefits to all parties and to the Court and represents, and indeed is the textbook example of, a case meriting and requiring certification pursuant to Ark. R. Civ. P. 23.

53. Representative Plaintiff's claims are typical of the claims of the Class, as required by Ark. R. Civ. P. 23(a)(3), in that Representative Plaintiff received an unsolicited text without his prior express consent from Defendants to promote their commercial products and services during the proposed Class Period.

54. The factual and legal bases of Defendants' misconduct are common to all members of the Class and represent a common cause of injury to Representative Plaintiff and the Class members.

55. Numerous questions of law and fact are common to the Class and predominate over questions affecting only individual Class members, as required by Fed. R. Civ. P. 23(a)(2) and 23(b)(3). Such common questions including, but are not limited to:

    i.    Whether Defendants' conduct constitutes a violation of the TCPA;

    ii.    whether the equipment Defendants used to transmit the text messages in question was an automatic telephone dialing system as contemplated by the TCPA;

    iii.    whether Defendants obtained prior express consent to send the text messages in question;

    iv.    whether Class members are entitled to treble damages based on the willfulness of Defendants' conduct; and

v. whether the Defendants engaged in conduct that would constitute a felony under Arkansas law, for purposes of the corresponding civil remedies provided by Ark. Code Ann. § 16-118-107.

56. Representative Plaintiff's claims are typical of the claims of the Class because they arise from the same course of conduct by Defendants and the relief sought is common.

57. The Class is ascertainable, as the Class is defined using objective criteria easily identifiable based on existing telephone and other business records of the Defendants.

58. Representative Plaintiff will fairly and adequately represent and protect the interests of the Class, as required by Fed. R. Civ. P. 23(a)(4). Moreover, Representative Plaintiff has retained counsel with substantial experience in the prosecution of both nationwide and Arkansas specific consumer rights and individual privacy class actions. Representative Plaintiff and his counsel are committed to the vigorous prosecution of this action on behalf of the Class and have the financial resources to do so.

### COUNT 1
### NEGLIGENT VIOLATIONS OF THE TCPA, 47 USC §227
### (ON BEHALF OF REPRESENTATIVE PLAINTIFFS AND THE SPAM TEXT CLASS)

59. Representative Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. Defendants made unauthorized automated text message calls using an automatic telephone dialing system or prerecorded voice to the cellular telephone numbers of Representative Plaintiff and other members of the Class without the prior express written consent.

61. These text message calls were made en masse using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendants were able to send thousands of text messages simultaneously to thousands of

consumers' cellphones without human intervention. These text messages are analogous to a prerecorded voice made without the prior express consent of Representative Plaintiff.

62. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

63. As a result of Defendants' negligent violations of 47 U.S.C. § 227 et seq., Representative Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

64. Representative Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT 2
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 USC §227
### (ON BEHALF OF REPRESENTATIVE PLAINTIFF AND THE SPAM TEXT CLASS)

65. Representative Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. Defendants made unauthorized automated text message calls using an automatic telephone dialing system or prerecorded voice to the cellular telephone numbers of Representative Plaintiff and other members of the Class without the prior express written consent.

67. These text message calls were made en masse using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendants were able to send thousands of text messages simultaneously to thousands of consumers' cellphones without human intervention. These text messages are analogous to a prerecorded voice made without the prior express consent of Representative Plaintiff.

68. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227 et seq.

69. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Representative Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

70. Representative Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT 3
## CLAIM PURSUANT TO THE ARKANSAS CIVIL ACTION BY CRIME VICTIMS ACT, ARK CODE ANN. § 16-118-107 (ON BEHALF OF REPRESENTATIVE PLAINTIFF AND THE SPOOFED NUMBER SUB-CLASS)

71. Representative Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint fully as if set forth herein.

72. Arkansas Code Annotated section 16–118–107(a)(1) provides that "any person injured or damaged by reason of conduct of another person that would constitute a felony under Arkansas law may file a civil action to recover damages based on the conduct."

73. The conduct of Defendants as set forth herein constitute felonies under the strict anti-spoofing strictures of Ark. Code Ann. § 5-63-205.

74. As a direct and proximate result of Defendants' conduct the Representative Plaintiff and the Class have suffered actual and statutory damages in excess of that required for Federal Diversity and CAFA jurisdiction and are entitled to an award thereof as well as their attorney fees and expenses pursuant to Ark. Code Ann. 16-18-107(a)(3).

## **PRAYER FOR RELIEF**

WHEREFORE, Representative Plaintiff respectfully prays for the following relief:

a. An Order certifying the claims of the Representative Plaintiff and all other persons similarly situated as defined above, and appointing Representative Plaintiff and his counsel as Class representative and Class counsel, respectively;

b. An award of actual and statutory damages in an amount in excess of that required for Federal Diversity and CAFA jurisdiction, including the trebling of such damages as provided for by the TCPA;

c. An injunction requiring Defendants to cease all unsolicited text message and/or spoofing activities in the State of Arkansas and otherwise protecting the interests of the Class;

d. An award of attorneys' fees and costs;

e. Trial by jury as to all issues so triable; and

f. Such other and further relief as is just and equitable under the circumstances.

DATED: October 15, 2020

Respectfully submitted,

Joe P. Leniski, Jr.
BRANSTETTER, STRANCH &JENNINGS, PLLC
The Freedom Center
223 Rosa Parks Avenue, Suite 200
Nashville, Tennessee 37203
Telephone:   (615) 254-8801
Email: joeyl@bsjfirm.com

James A. Streett (ABA# 2007092)
STREETT LAW FIRM, P.A.
107 West Main Street
Russellville, AR 72801
Telephone: (479) 968-2030

Facsimile: (479) 968-6253
Email: James@StreettLaw.com

*Attorneys for Representative Plaintiff
and Putative Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, October 15th, 2020, I served a copy of the foregoing document on Counsel of Record via e-mail and U.S. Mail as follows:

Byron Jansen Walker
Rose Law Firm
120 East Fourth Street
Little Rock, AR 72201-2893
501-377-0351
Email: bwalker@roselawfirm.com

Joseph Christopher Hall
Rose Law Firm
Post Office Box 4800
Fayetteville, AR 72702
479-695-1330
Fax: 479-695-1332
Email: jhall@roselawfirm.com

Joe P. Leniski, Jr.